993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lorenzo Leon DOWELL, Plaintiff-Appellant,
v.
STATE OF TENNESSEE; Ann Adams, Supervisor, State of
Tennessee Board of Claims; W. Jeff Reynolds,
Commissioner, Tennessee Department of
Corrections, Defendants-Appellees.
 No. 92-6125.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1993.
 
 1
 Before: KENNEDY and SILER, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Lorenzo Leon Dowell, a pro se Tennessee prisoner, appeals from a judgment of the district court dismissing his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, as frivolous pursuant to 28 U.S.C. § 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Dowell filed his complaint against Ann Adams, the supervisor of Tennessee's Board of Claims, and W. Jeff Reynolds, the commissioner of Tennessee's Department of Corrections. Dowell alleged that the defendants were conspiring "to take [his] life" by intentionally inflicting emotional distress upon Dowell. The factual basis underlying Dowell's claim of conspiracy and emotional distress is the Board of Claims' denial of Dowell's claim for compensation for his personal property that was allegedly taken and disposed of by prison officials. Dowell was allowed to file his complaint without prepayment of costs, but the clerk was ordered not to issue process or serve any papers until further order of the court. Subsequently, the district judge issued an order of dismissal which concluded that Dowell's complaint lacked an arguable basis either in law or in fact, and that it was frivolous.
 
 
 4
 Pursuant to § 1915(d), a complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. An example of the former is a claim "of infringement of a legal interest which clearly does not exist ... [and e]xamples of the latter class are claims describing fantastic or delusional scenarios...." Id. at 327-28. A dismissal of a complaint pursuant to § 1915(d) is reviewed for an abuse of discretion. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 5
 We conclude that the district court did not abuse its discretion. Dowell's allegations that the defendants are conspiring to inflict emotional distress upon him with the intent of causing his death are not only conclusory, they are fantastic or delusional, or both. The only fact that Dowell alleges in support of this theory is that the Board of Claims denied him reimbursement for the loss of his personal property. This fact does not create a conspiracy.
 
 
 6
 To the extent that Dowell is asserting a claim based upon procedural due process, we note that procedural due process does not require a particular outcome. See Hawks v. Pontiac, 874 F.2d 347, 350 (6th Cir.1989). Dowell has not challenged the procedures used before the Board of Claims.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief District Judge for the Eastern District of Kentucky, sitting by designation